IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND SIMS-LEWIS,

   Plaintiff,

   v.

CORIZON HEALTH CARE SERVICES,
DR. WUBU,
MARTHA AMIEWALAN,
WARDEN FREDERICK OBELLO,
OFC. MIKE MATHEW,
OFC. REED,
SGT. GERALD EBISIKE,
DEPT. PUBLIC SAFETY CORR. SERVICES,
GOV. LARRY HOGAN,
OFC. DEZNIGAZORIE,
PRESIDENT JOE BIDEN,
MARYLAND STATE,

   Defendants.

Civil Action No.: JRR-22-1097

## MEMORANDUM OPINION

The above-entitled complaint was received by the court on May 5, 2022, along with a Motion for Leave to Proceed in Forma Pauperis, which the court now grants. For the reasons stated herein the complaint shall be dismissed.

This court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Self-represented Plaintiff Raymond Sims-Lewis is currently confined at the Baltimore City Booking and Intake Center ("BCBIC"). His complaint concerns several seemingly disparate claims most of which allege negligence, defamation, and infliction of emotional distress. Plaintiff also makes mention of the Local Government Tort Claims Act and the Maryland Tort Claims Act. To the extent that Plaintiff is attempting to file a State law claim of negligence, this court does not have jurisdiction over such a claim in this instance. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). This court may consider State law claims under its diversity jurisdiction, which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). All of the parties named here, with the exception of President Biden,[1] are Maryland citizens thus defeating diversity jurisdiction. This court may also consider a pendent State law claim where a federal claim is also asserted.[2] To the extent that Plaintiff implies that the actions described are a violation of his constitutional rights, the claims are deficient.

Plaintiff asserts that Corizon Health Care Services, Dr. Wubu, the Department of Public Safety and Correctional Services, Warden Obello, Governor Hogan, and President Biden is each negligent in supervising, hiring, and training correctional and medical staff working at BCBIC. ECF No. 1 at 8-13. Liability under § 1983 attaches only upon personal participation by a defendant

---

[1] The claim against President Biden fails for different reasons.
[2] "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966)).

in the constitutional violation. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See, e.g., Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported by allegation(s) that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). As such, Plaintiff has failed to state a claim against Corizon Health Care Services, Dr. Wubu, the Department of Public Safety and Correctional Services, Warden Obello, Governor Hogan, and President Biden.

To the extent Plaintiff raises a claim against the State of Maryland, his claim is barred by the doctrine of sovereign immunity. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless the state consents to same. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant

is proscribed by the Eleventh Amendment." *Id*., citing *Florida Department of Health v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981) (*per curiam*).  While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court.  "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued."  *Halderman*, 465 U.S. at 100 (emphasis in original).  The claim raised against the State of Maryland shall therefore be dismissed.

Plaintiff alleges that Nurse Practitioner Martha Amiewalan "defamed" him because she wrote in his medical record that he said he was not in pain.  ECF No. 1 at 6.  Plaintiff asserts this was a false statement because he told her that he was in a lot of pain.  *Id*. at 8.  This claim does not assert violation of a federal constitutional or statutory right.  The claim against this defendant shall therefore be dismissed.

The claims against Officers Reed and Mathew have already been raised in another action brought by Plaintiff currently pending in this court.  In the instant action, Plaintiff asserts that on October 5, 2021, he was experiencing chest pain and shortness of breath.  ECF No. 1 at 6.  He states that Officer Reed called a "code," but that Officer Mathew said he was not going to take Plaintiff to medical.  *Id*.  He claims that Major Envioma arrived on the scene and called medical to have Plaintiff examined for red and swollen legs.  *Id*.

In *Sims-Lewis v. Obello, et al.*, Civil Action DLB-22-1033 (D. Md.), Plaintiff sues Officer Mathew for failing to transport him to the medical unit for chest pain and shortness of breath.  *Id*. at ECF No. 1.  To the extent Plaintiff wishes to amend the claims asserted in Civil Action DLB-22-1033, he may do so by filing an amended complaint and including the case number on the pleading.  The claim against Reed and Mathew shall therefore be dismissed without prejudice.

In another pending civil action, Plaintiff sues Officer Ebisike for actions taken on April 22, 2022, after Plaintiff requested protective custody. *Sims-Lewis v. Ebisike, et al.*, Civil Action GLR-22-1047 (D. Md.). In the complaint filed in the instant case, Plaintiff asserts the same or similar claim against Officer Ebisike. ECF No. 1 at 11-12. Should Plaintiff desire to add claims or information about the April 22, 2022, incident, he may file an amended complaint in Civil Action GLR-22-1047. The claim against Officer Ebisike shall therefore be dismissed without prejudice.

Plaintiff also alleges that Officer Dezigazorie interfered with Plaintiff's ability to attend a medical appointment on April 21, 2022, by falsely claiming that Plaintiff called him names. ECF No. 1 at 11. Plaintiff asserts that this amounted to defamation, infliction of emotional distress, perjury, negligent training, supervision and hiring. *Id.* A single incident of a correctional officer interfering with one medical appointment does not state a constitutional claim. *See Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (the Eighth Amendment prohibits the unnecessary and wanton infliction of pain); *see also Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). To state an Eighth Amendment claim for denial of medical care, a plaintiff must allege that the actions of the defendants, or their failure(s) to act, amount to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To the extent Plaintiff is a pre-trial detainee, the constitutional protections provided by the Fourteenth Amendment are "co-extensive with those provided by the Eighth Amendment." *Barnes v. Wilson*, 110 F. Supp.3d 624, 629 (D. Md. 2015) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Plaintiff has failed to allege any facts from which one might reasonably conclude that denial of a single medical appointment amounts to deliberate indifference to a serious medical need. The claim against Officer Dezigazorie therefore shall be dismissed.

A separate Order follows.

June 17, 2022                                    /s/
Date                                             Julie R. Rubin
                                                 United States District Judge
                                                 Civil Action No.:  JRR-22-1097